# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, as subrogee of SEM Minerals, Inc., | )<br>)<br>) |
| Plaintiff, | ) Case No.:<br>)<br>) |
| v. | )<br>) |
| USG CORPORATION, | ) Jury Trial Demanded<br>) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES Plaintiff NATIONWIDE AGRIBUSINESS INSURANCE COMPANY as subrogee of SEM Minerals, Inc., by and through COZEN O'CONNOR, and for its Complaint against Defendant USG CORPORATION, states as follows:

## THE PARTIES

1. Plaintiff, Nationwide Agribusiness Insurance Company (hereafter "Nationwide"), is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located in Des Moines, Iowa and was duly authorized to issue insurance policies providing coverage for properties and businesses in the State of Illinois.

2. Defendant, USG Corporation (hereafter "USG"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Chicago, Illinois.

## JURISDICTION AND VENUE

3. The jurisdiction of this court is proper pursuant to 28 USC § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. Venue is proper in this district pursuant to 28 USC § 1391(b)(1) as the Defendant's principal place of business is within the district.

## GENERAL ALLEGATIONS

5. At all relevant times, SEM Minerals, Inc. (hereafter "SEM") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Quincy, Illinois.

6. At all relevant times, Defendant USG was a supplier of calcium sulphate to SEM's facility in Quincy, Illinois.

7. On or about March 25, 2022, USG had a large (22 ton) quantity of bulk feed-grade, coarse-grind calcium sulphate delivered to SEM's Quincy facility.

8. SEM blended the calcium sulphate for homogeneity, repackaged it, and then had it transported to customer Royal Canin Canada's ("Royal Canin") processing facility at Guelph, Ontario, Canada.

9. Royal Canin is a pet food producer and calcium sulphate is an ingredient in certain pet food products produced by Royal Canin.

10. While using the calcium sulphate shipment from SEM to produce pet food, Royal Canin discovered that the calcium sulphate contained foreign material which should not have been present.

11. Royal Canin had the contaminated calcium sulphate material tested and the foreign material was found to include PET, or polyethylene terephthalate $((C_{10}H_8O_4)_n)$.

12. One of the common uses for PET is for the manufacturing of packaging for liquids and solids.

13. Upon information and belief, the PET foreign material in the calcium sulphate delivered to Royal Canin came from packaging totes used by USG. Totes purchased and used by SEM do not contain PET and SEM does not add anything to the USG calcium sulphate before shipping it to its customers such as Royal Canin.

14. As a result of the contamination of the calcium sulphate with foreign material, Royal Canin made a claim upon SEM for unusable contaminated raw material, unsaleable finished pet food product containing foreign material, transportation and disposal costs, and lost profits.

15. SEM tendered Royal Canin's claim to plaintiff Nationwide.

16. Pursuant to the terms and conditions of its coverage, Nationwide was required to, and did, make payments on behalf of SEM to Royal Canin for damages sustained as a result of the product contamination.

17. As a result of, and to the extent of, said payments, SEM became subrogated to the rights of Royal Canin to pursue claims against those responsible for causing the damages.

18. As a result of, and to the extent of, said payments, Nationwide became subrogated to the rights of SEM to pursue claims against those responsible for causing the damages.

19. In consideration of those payments, Royal Canin assigned to Nationwide any and all claims and legal title to all causes of action which it had available to recover against any person or persons as a result of the calcium sulphate contamination and the related loss sustained.

20. In consideration of those payments, SEM assigned to Nationwide any and all claims and legal title to all causes of action which it had available to recover against any person or persons as a result of the calcium sulphate contamination and the related loss sustained.

## COUNT ONE
### Negligence

21. Plaintiff repeats and realleges the allegations of foregoing paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. At all relevant times, USG had a duty to use reasonable care and caution as a producer and seller of food-grade calcium sulphate.

23. Notwithstanding the aforesaid duty and in breach thereof, USG, by and through its employees, agents, servants and/or representatives, committed one or more of the following negligent acts and/or omissions:

   a. Carelessly, negligently and improperly failed to implement adequate, thorough and safe procedures for preventing contamination of its products with foreign material;

   b. Carelessly, negligently and improperly failed to adequately inspect its products to assure that they were not shipped and delivered to customers with foreign material;

   c. Carelessly, negligently and improperly failed to adequately test its products for the presence of foreign material prior to shipment to customers;

   d. Carelessly, negligently and improperly failed to notify SEM that the calcium sulphate was, or even that it might be, contaminated with foreign material;

4

  e. Other careless and negligent acts or omissions as developed through discovery.

24. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of USG, its calcium sulphate raw material was contaminated with foreign material which should not have been present (which rendered the calcium sulphate as not being food-grade), the contaminated calcium sulphate was delivered to SEM and, ultimately, to Royal Canin which resulted in contaminated, indigestible, and unsaleable pet food which needed to be disposed, extra expenses and lost profits.

## COUNT TWO
### Breach of Implied Warranties

25. Plaintiff repeats and realleges the allegations of foregoing paragraphs 1 through 20, inclusive, as if fully set forth herein.

26. Well before March 25, 2022, USG was aware that calcium sulphate was a common ingredient in pet food.

27. Well before March 25, 2022, USG was aware from its history of dealings with, communications with, and sales to SEM that SEM sold calcium sulphate supplied by USG to customers which used the calcium sulphate as an ingredient in pet food.

28. USG's agreement and undertaking to supply, sell, and deliver to SEM food-grade, coarse-grind calcium sulphate included implied warranties that the calcium sulphate would, in fact, be food-grade, would be merchantable, would be fit for the purpose of being an ingredient in pet food, and would be free of foreign material.

29. USG breached its implied warranties by producing, supplying, and having delivered to SEM calcium sulphate which was contaminated with foreign material which was indigestible.

5

30. As a direct and proximate result of one or more of USG's breaches of its implied warranties, its calcium sulphate raw material was contaminated with indigestible foreign material which should not have been present (which rendered the calcium sulphate as not being food-grade), the contaminated calcium sulphate was delivered to SEM and, ultimately, to Royal Canin which resulted in contaminated, indigestible, and unsaleable pet food which needed to be disposed, extra expenses, and lost profits.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY as subrogee of SEM Minerals, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant USG CORPORATION for its provable damages together with interest, costs and any other relief this Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY AS TO EACH COUNT PLEADED.

    Respectfully submitted,

    NATIONWIDE AGRIBUSINESS INSURANCE
    COMPANY as subrogee of SEM Minerals, Inc.

By:    /s/Kevin P. Caraher
    Kevin P. Caraher (IL Bar #6180111)
    COZEN O'CONNOR
    123 N. Wacker Drive, Suite 1800
    Chicago, Illinois 60610
    Phone: 312-382-3100
    Fax: 312-382-3180
    kcaraher@cozen.com